NEW YORK COUNTY.—HON. R. S. RANSOM, SURRO-
GATE.—June 1888.

MATTER OF WILLETT.

*In the matter of the estate of* MARGARET WILLETT,
*deceased.*

The statute restricting the fees of a referee, on the trial of an issue, to six
  dollars per diem is mandatory upon the court.
Upon an application for an allowance for "preparing for trial" of the
  issues raised in proceedings for the judicial settlement of an account,
  the court must be furnished with the detailed information prescribed
  by the rules, in order to enable it to exercise the discretion wherewith
  it is invested by the statute.

APPLICATION for re-taxation of costs in proceedings
for the judicial settlement of trustees' account.

THE SURROGATE.—This is an application by the
attorney for the trustees for the reconsideration of
his claim for costs heretofore taxed.

The attorney for the trustees in the first instance
presented presumably the facts by way of affidavit in
such detail and with such particularity as our rules re-
quire in respect of services claimed by him for "other-
wise preparing for trial." Excessive labor was in this
proceeding imposed upon me in arriving at a just
allowance to the trustees' attorney, which would have
been materially reduced if he had regarded the rule
and given me such detailed information as I am en-
titled to for the purpose of exercising that discretion
which the statute invests in me.

Upon personal *ex parte* application by way of letter addressed to me, I permitted him to file a supplemental affidavit upon his inferential motion for a reconsideration by me of his claim.   Whilst conceding to this attorney this indulgence, I desire to be understood that, in all cases, I shall consider bills of costs sustained by affidavits but once, except in case of clerical error, fraud or mistake.

In this proceeding the trustees' attorney seemed to ignore completely the rule which has been in existence since the 1st of January last requiring some reasonably detailed statement of services for which per diem allowance is claimed.   There is no evidence now presented that the trustees' attorney has, in proper regard for fair practice, served a copy of the supplemental affidavit to sustain his claim upon his adversaries.

My former decision upon this claim cannot be modified.   It may be that the allowance granted by me by way of costs is not sufficient to properly compensate the attorney.   In that event he should look to his clients, the trustees, for such compensation, and, if proper, they may be allowed the same upon a judicial settlement of their account.   Upon the papers first submitted, including two certificates of the referee certifying to the time spent by him on the reference, I made him the allowance authorized by law.   The attorney for the trustees, without having first obtained leave therefor, has intruded a supplemental certificate from the referee in which he now certifies that twenty-four days were occupied by him on the two references. This is an increase in number of ten days, and may be

justified by the facts, although his first certificate is sustained by the affidavit of one of the contestants. The certificate of a referee is permitted by statute instead of a sworn statement, because of his official relations to the court. It goes without saying that he should be very careful to give correct, accurate and truthful information. Without intending to impute to this referee any impropriety whatever, I am unable to understand how he should have made a mistake of ten days between his two certificates. Under the facts, as they have been made to appear in this proceeding, I decline to modify my previous decision in regard to his allowance.

Parties before the court *sui juris* may, by written consent filed or by consent recorded upon the minutes before the referee, give him the right to fees in excess of those allowed by law, subject always to the approval of the Surrogate.

The referee admits that he has reckoned his services at the rate of $10 a day. The statute is too plain for doubt that he cannot be allowed more than $6 a day. It is impossible that he is not well acquainted with this mandatory law. So also is the attorney for the trustees. Yet they unite in urging that I shall actually disregard the statute. It is needless to say that I must decline to do so. The referee claims a considerable item for his expenses in traveling from New England to New York to attend the reference. I know of no provision of law that authorizes such a charge. I hope all referees and all attorneys will understand that I depend upon *proof* of substantial service rendered by each of them, and that I am controlled abso-

lutely by the plain provisions of the statute in fixing their compensation therefor. I decline to indulge in judicial legislation.